UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRA NICOLE GRAB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1691-ZMB |
| | ) | |
| HENRY M MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Defendant Henry Miller's Motion to Dismiss, Doc. 5, and Plaintiff Alexandra Grab's requests to file a sur-reply, supplement an exhibit, and amend her complaint, Doc. 7 at 9; Docs. 9–10. Because Miller was not acting as a state actor, Grab's claims under 42 U.S.C. § 1983 necessarily fail. As such, the Court grants Miller's motion to dismiss. Further, the Court denies Grab's pending motions to amend or supplement as either futile or moot.

## BACKGROUND

### I.    Factual Background[1]

Miller was appointed as a guardian ad litem (GAL) to represent Grab's daughter in a child-custody case in Missouri state court. Doc. 1 at 6. After initially awarding Grab temporary custody, the state court ultimately "awarded the father sole legal and [] physical custody and restricted [Grab] to supervised visitation." *Id.* The court also ordered the parents to pay GAL fees to Miller. *Id.*

Following the custody case, Grab filed a UCC financing statement seeking to collect $231,300,000 from Miller for "[t]resspass against [her]." Doc. 1-4. Miller subsequently filed a civil lawsuit against Grab in Colorado state court. Doc. 1 at 6. And while Grab's wages have been garnished to pay the GAL fees, the father's have not. *Id.*

---

[1] The Court accepts as true the following well-pled facts for the purpose of this motion. *See infra* at 3.

**II.    Procedural Background**

Grab filed this action in November 2025, bringing a civil-rights claim against Miller for violations under the First and Fourteenth Amendments. Doc. 1 at 3. Grab alleges that she was harmed by: (1) Miller's statements and omissions as a GAL,[2] (2) his efforts to garnish only her wages, and (3) the civil lawsuit he filed against her in Colorado. *Id.* at 7. Miller moved to dismiss, arguing that the Court "does not have subject jurisdiction under the Rooker/Feldman doctrine and/or the Younger Abstention doctrine," he is entitled to absolute immunity, he was not acting under color of law, and the Complaint fails to provide sufficient facts to support its claims. Doc. 5 at 1. Grab opposed the motion but requested leave to amend "[i]f the court identifies any deficiencies." Doc. 7 at 9. Following Miller's reply, the motion was ripe for adjudication. Doc. 8. Two weeks later, Grab filed motions for leave to file a sur-reply and to supplement with an exhibit, to which Miller did not respond. Docs. 9–10.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

---

[2] Specifically, Grab complains that Miller: (1) "stated under oath that the father's home created immediate and irreparable harm to the child"; (2) "questioned the father in a way that presented the earlier dangers as resolved"; and (3) "when asked by the judge if he wished to place anything on the record after the father's attorney said the dangers were gone, answered 'No Ma'am' and said nothing further." Doc. 1 at 7.

Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

While identifying three categories of injuries in her Complaint, Grab has since clarified that she asserts only two section 1983 claims: selective garnishment of her wages and a retaliatory lawsuit filed in Colorado. *See* Doc. 7 at 5. Miller argues that the *Rooker-Feldman* doctrine bars these claims, but Grab's action more clearly fails for failure to state a claim. She attempts to pigeonhole claims against a private actor into a section 1983 claim, which can only be brought against those acting under color of law. As such, the Court grants Miller's motion to dismiss on those grounds. Additionally, the Court denies Grab's other requests as futile or moot because granting leave to amend or supplement would not cure the fatal defect of her section 1983 claims.

3

## I.    Miller's Statements and Omissions as a Guardian ad Litem

Miller argues that Grab effectively "ask[s] this Court to rectify the outcome of the custody case." Doc. 6 at 4. In response, Grab clarifies that she is not challenging the state custody judgement. Doc. 7 at 4. Rather, she "asserts post-judgment retaliation: selective garnishment of [her] wages alone [] and the Colorado lawsuit filed precisely 3 months after [her] uncontested UCC lien []." *Id.* at 5. As Grab has clarified that she is not bringing a claim related to Miller's statements and omissions made as a GAL, the Court need not address the issue further.[3]

## II.    Selective Garnishment

Miller next asserts that "garnishing [Grab] under a joint and several monetary judgment order" is not an "action[] by a person acting under color of state law." Doc. 8 at 3.[4] Grab posits that "Court appointed GALs qualify as state actors when exercising authority from state appointments" and contends that Miller was a state actor in undertaking garnishment because he "leveraged the state court's fee order [] and his GAL status, creating the requisite state nexus." Doc. 7 at 8. But Grab is simply wrong that Miller's post-judgment conduct amounts to state action.

"[P]rivate actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Sanders v. City of Minneapolis, Minnesota*, 474 F.3d 523, 527 (8th Cir. 2007). But "[a] private party's mere invocation of state

---

[3] Miller's initial belief that Grab sought to attack the outcome of the state custody case is understandable, as her Complaint listed several of Miller's purported statements and omissions as things he "[did], or fail[ed] to do, that harmed [her]" and identified injuries that arose from the custody case. Doc. 1 at 7. However, in light of Grab's subsequent clarification that "[her] claims target post-judgement harms," Doc. 7 at 4, the Court assumes that the statement-and-omission injuries merely contextualize her two actual claims. If Grab had sought to attack the outcome of the state custody case based on Miller's alleged statements and omissions, those claims would clearly be barred by the *Rooker-Feldman* doctrine and absolute immunity. *See Skit Int'l, Ltd. v. DAC Techs.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (discussing the categories of cases barred by the *Rooker-Feldman* doctrine); *Arseneau v. Pudlowski*, 110 F.4th 1114, 1118 (8th Cir. 2024) ("[G]uardians ad litem are entitled to absolute immunity for acts that occurred within the course of their court-appointed duties, even if their conduct was wrongful and illegal.").

[4] While the Court ordinarily would engage with *Rooker-Feldman* arguments as a threshold issue, district courts "may bypass a 'murky' Rooker-Feldman analysis 'where the merits easily result in dismissal.'" *See Kunzer v. Foster*, 2025 WL 1139345, at *5 n.6 (D. Minn. Apr. 17, 2025) (citing *King v. City of Crestwood*, 899 F.3d 643, 648 (8th Cir. 2018)).

4

legal procedures does not constitute state action." *Hamilton v. City of Hayti*, 948 F.3d 921, 931 (8th Cir. 2020). Likewise, "[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law." *Wann v. St. Francois Cnty.*, No. 4:15-CV-895-CDP, 2016 WL 866089, at *12 (E.D. Mo. Mar. 7, 2016) (citing *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991)). Additionally, courts have found that court-appointed guardians are not state actors for purposes of section 1983 liability. *See Spartz v. Menning*, 2021 WL 536298, at *8 (D. Minn. Jan. 18, 2021) (collecting cases); *see also Higdon v. Smith*, 565 F. App'x 791, 793 (11th Cir. 2014) (rejecting claim that state regulation of GALs makes them state actors).

Even if a GAL could be deemed a state actor in some context, Miller's "leveraging" of his GAL status and the state court fee order do not impute state action. *See Goetz v. Tordoff*, 21 F.3d 432, at *2 (8th Cir. 1994) ("Action on the part of a private person pursuant to a court order made with the authority of a state statute is not sufficient to characterize the person as a state actor."). And Grab is simply incorrect that the Tenth Circuit held that "GALs [are] liable as state actors in § 1983 actions" in *Thomas v. Kaven*. *See* Doc. 7 at 8 (citing 765 F.3d 1183, 1191 (10th Cir. 2014)).[5] Because there are no grounds to suggest that Miller acted under color of state law when he garnished wages, Grab cannot bring a section 1983 action against him for selective garnishment.

## III.    Retaliatory Lawsuit Claim

Miller similarly argues that "challenging a wrongfully filed lien claim in Colorado [is] not action[] by a person acting under color of state law," Doc. 8 at 3, while Grab advances the same

---

[5] Additionally, even if Miller were a state actor, Grab's selective-garnishment claim effectively invites review of the state court order that she and her husband are to be "jointly and severally" liable to pay the outstanding GAL fees to Miller and, thus, is barred under *Rooker-Feldman*. "By its very nature, joint and several liability means that each liable party is individually responsible for the entire obligation." *Coursen v. City of Sarcoxie*, 124 S.W.3d 492, 501 (Mo. Ct. App. 2004) (quotation omitted). Scrutinizing Miller's decision to garnish one party rather than the other would require the Court to review of the joint-and-several nature of the state court award—precisely the kind of second guessing the Court cannot do.

state-action theory. Because "[a] private party's mere invocation of state legal procedures does not constitute state action," *see Hamilton*, 948 F.3d at 921, it cannot be the case that Miller is a state actor simply because he brought suit in Colorado state court tangentially related to his duties as a GAL. As Grab has not plausibly alleged that Miller acted under color of state law when he brought his Colorado lawsuit, she cannot bring a section 1983 claim for a retaliatory lawsuit.

## IV.    Remaining Requests and Motions

Finally, Grab asks the Court for leave to amend "[i]f the Court identifies any deficiencies." Doc. 7 at 9. "While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment." *Ponzar v. Layfield*, No. 4:12-CV-2219-CDP, 2014 WL 12102165, at \*1 (E.D. Mo. Jan. 22, 2014) (citation omitted). Given the deficiencies with Grab's section 1983 claim, the Court finds that any amendment likely would be futile.[6] Further, her proposed sur-reply, Doc. 9-1, and supplemental exhibit, Doc. 10-1, would not remedy her deficient claims even if they were accepted. As such, the Court denies her motions to file those documents as moot. Docs. 9–10.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Henry Miller's [5] Motion to Dismiss and **DISMISSES** this action without prejudice. Further, the Court **DENIES** as moot Plaintiff Alexandra Nicole Grab's [7] request to amend her complaint, [9] Motion for Leave to File Sur-Reply, and [10] Motion for Leave to Supplement Exhibit C.

So ordered this 20th day of May 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[6] As Grab did not provide a proposed amended complaint due to the conditional nature of her request, the Court dismisses this action without prejudice to allow her the opportunity to refile if she can do so consistent with this order.